IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Julian Pierce Williams, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Paul Olthoff, individually; )<br>Rebecia McFarland, individually; )<br>Chantell Hillstead, individually; )<br>Ashley Auch, individually; and )<br>Jess Fricke, individually, )<br>)<br>    Defendants. ) | **REPORT AND RECOMMENDATION AND ORDER**<br><br>Case No. 1:25-cv-058 |

Plaintiff, Julian Pierce Williams, a prisoner proceeding without counsel, sought to sue Ward County and multiple county employees and officials. After screening his complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915A, the Court permitted Williams to submit an amended complaint to address several deficiencies. Williams' amended complaint was filed May 21, 2025. (Doc. No. 15). After a second screening, the Court permitted Williams to proceed with claims of deliberate indifference to serious medical needs against Defendants Paul Olthoff, Ashley Auch, Rebecia McFarland, Chantell Hillstead, and Jess Fricke, in their individual capacities. (Doc. No. 17 at 7). The Court dismissed claims against Ward County, Ward County Commissioners, Ward County Medical Providers, Miranda Schuler, Ron Merritt, John Fjeldahl, Jim Rostad, Jason Olson, and Robert Roed. Id. at 8.

The case is assigned to Honorable Daniel L. Hovland, as presiding judge, and the undersigned as referral judge. (Doc. No. 32). On July 28, 2025, Williams filed a Motion to Amend the Complaint and sought subpoenas and discovery. (Doc. No. 35). The Court recommends the

1

Motion to Amend the Complaint be **DENIED**. The Court also denies Williams' request for subpoenas and discovery as premature.

I.     BACKGROUND

Williams suffers from hypoglycemia and asserts that certain staff at the Ward County Jail have not followed the treatment orders of his medical providers, which include providing him a snack at dinner and a bag lunch with milk at night. (Doc. No. 15 at 7). He alleges defendants ignored his complaints and claims that many times his blood sugar levels dropped extremely low, causing him to become weak and dizzy. Id. at 7-8. Williams requests $800,000 in damages "for Ward County officials and staff violating my rights and knowingly putting my life at risk and causing me harm and stress to my family and kids . . . at the negligence of Ward County and [their] employees." Id. at 9.

Because Williams' amended complaint failed to state plausible official capacity claims against Ward County, Sheriff Robert Roed, the county commissioners, or any jail employee in their official capacities, the Court dismissed those claims. (Doc. No. 17 at 7-8). Because Williams pleaded facts plausibly alleging deliberate indifference to his hypoglycemia by Paul Olthoff, Ashley Auch, Rebecia McFarland, Chantell Hillstead, and Jess Fricke, he was permitted to proceed against them in their individual capacities. Id.

Williams' current motion to amend attempts to bolster the official capacity claims against Ward County and Sheriff Roed. He asserts:

Claim 5

I believe that the Ward County is responsible because they as a official municiple failed to officially train and or supervise their staff to provide care for those of need for conditions like hypoglycemia and more. It should be okay for staff to override someone to provide medical care to that inmate in need. The county of War is extremely at fault because they are who employee sheriff staff and the sheriff Robert Roed is at fault because he has not been supervising his jail staff and

2

>employees nor has he made sure that all staff in the facility is trained to recognise the types of medical needs like mine.

(Doc. No. 35-1 at 2-3) (errors in original).

## II.     DISCUSSION

### A.     Standard on Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides, in part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Defendants have not consented to Williams's proposed amendment. In such cases, it is generally left to the court's discretion whether to grant an amended pleading. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir.1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992).

Unless there is a good reason for denial," such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment[,]" leave to amend is generally granted. Becker v. Univ. of Neb., 191 F.3d 904, 907-08 (8th Cir. 1999); Brown, 957 F.2d at 566. "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker, 191 F.3d at 908. A proposed amended complaint is futile if the court reaches the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss. Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010). This means the amended complaint must pass the Twombly/Iqbal standard. See id.

Under the Twombly/Iqbal plausibility standard, a complaint must provide enough factual matter which, accepted as true, states a claim that is plausible on the face of the allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (Twombly); Ashcroft v. Iqbal, 556 U.S. 662

(2009) (Iqbal). A claim crosses the threshold when the factual allegations do more than merely create a suspicion of a legally cognizable action and "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "The essential function of a complaint . . . is to give the opposing party 'fair notice of the nature and basis or grounds for a claim[.]'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014).

      **B.**      **Failure to Train and/or Supervise Claim**

Here, Williams seeks to add a claim against Ward County and Sheriff Roed in his official capacity for failure to train and supervise jail staff to care for conditions like hypoglycemia. (Doc. No. 25-1 at 2-3). A claim against a county official in his or her official capacity is the equivalent of a claim against the county. Hall v. Higgins, 77 F.4th 1171, 1178 (8th Cir. 2023). Because vicarious or respondeat superior liability does not apply under § 1983, a county may be held liable for a constitutional violation only if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise employees. Corwin v. City of Independence, Mo., 829 F.3d 695, 699 (8th Cir. 2016). Williams invokes the failure to train or supervise theory.

A county may be liable under § 1983 for constitutional violations resulting from its failure to train county employees when the failure to train is the cause of the violation. City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989); Troupe v. Young, 143 F.4th 955, 973 (8th Cir. 2025) (stating a county may be liable "if the failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.") (citation omitted). However, the Supreme Court cautions that "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). The standard of liability for failure to train is deliberate indifference to the rights of others with whom the county employees

4

interact. City of Canton, 489 U.S. at 388. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." Id. at 389. The focus is on the adequacy of the training program, not whether a particular officer was unsatisfactorily trained. Id. at 390. An individual officer's shortcomings alone are insufficient to establish liability. Id. Generally, "[a] pattern of similar constitutional violations by untrained employees" is required. Connick, 563 U.S. at 62. A claim for failure to train requires factual allegations that demonstrate (1) the county's training practices were inadequate; (2) the county's failure to train reflected a deliberate or conscious choice by the county; and (3) the alleged deficiency in the training procedures caused the plaintiff's injuries. Parrish v. Bell, 594 F.3d 993, 997 (8th Cir. 2010).

     The standard of liability for failure to supervise is "demonstrated deliberate indifference or tacit authorization of the offensive acts." Wilson v. City of N. Little Rock, 801 F.2d 316, 322 (8th Cir. 1986). "The plaintiff must show that supervisor was 'deliberately indifferent to or tacitly authorized the offending acts,' which requires evidence that 'the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'" Barton v. Taber, 908 F.3d 1119, 1125 (8th Cir. 2018) (quoting Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001)).

     Williams' proposed second amended complaint does not resolve the deficiencies in the first amended complaint. Like the first amended complaint, his claims are premised on respondeat superior or vicarious liability. (Doc. No. 35-1 at 2-3). He claims the County is "extremely at fault" because it employs the Sheriff, and Sheriff Roed is at fault for not supervising the staff or making sure the staff is trained in medical needs like his. Id. Those allegations lack factual context, are non-specific, and conclusory. Williams does not allege facts demonstrating the County's training

5

practices were inadequate or that the County and Sheriff Roed were aware of the inadequacy and deliberately chose not to provide adequate training. In short, Williams' proposed amended complaint contains only "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement," which are clearly inadequate under the Twombly/Iqbal standard. See Iqbal, 556 U.S. at 678.

### III.  RECOMMENDATION

Because Williams fails to allege a plausible claim for failure to train and supervise against Ward County or Sheriff Roed, allowing Williams to amend his complaint is futile. This Court, therefore, recommends that the Motion to Amend Complaint, (Doc. No. 35), be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS[1]

A party may object to this Report and Recommendation by filing with the Clerk of Court no later than **September 22, 2025**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may result in the recommended action being taken without further notice or opportunity to respond.

### IV.  ORDER

Williams' motion also includes a request for subpoenas to obtain documents from the walk-in clinic in Minot, emails from the Ward County Jail, and medical records from the jail's medical department. (Doc. No. 35). Williams' previous request for subpoenas to obtain those same documents was denied as premature because Defendants had not answered. (Doc. No. 34). Defendants have now filed their Answer, but the parties have not submitted a Rule 26(f) proposed scheduling plan, nor has there been a Rule 16 scheduling conference with the Court. Furthermore,

---

[1] See D.N.D. Local Rule 72.1(D)(3).

to obtain subpoenas, Williams must show, among other things, there are no other means of obtaining the documents he seeks before the Court would authorize the issuance of a subpoena.

To the extent that Willaims seeks copies of his own medical records, a subpoena is not necessary. He may request those records directly from the medical facility by following the facility's process, which may include providing a signed authorization to release the records and paying a fee. Documents and records in the care, custody, and control of the Ward County Jail maybe be obtained through Rules 26, 33, and 34 of the Federal Rules of Civil Procedure without court intervention, but only *after* the parties have conferred and the proposed scheduling plan is approved by the Court.[2] Fed. R. Civ. P. 26(d)(1).

Accordingly, Plaintiff's request for subpoenas and documents is **DENIED** without prejudice.

Dated this 7th day of September, 2025.

>                          */s/ Clare R. Hochhalter*
>                          Clare R. Hochhalter, Magistrate Judge
>                          United States District Court

---

[2] Plaintiff should note the Local Rules of the District of North Dakota restrict the use of civil discovery motions until the parties have conferred and made a reasonable, good faith effort to resolve a discovery dispute without court involvement. D.N.D. Local Rule 37.1(A).