IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Julian Pierce Williams, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>Paul Olthoff, et al., )<br> )<br>Defendants. ) | **ORDER**<br><br>Case No. 1:25-cv-058 |

Before the court is a motion to compel answers to interrogatories filed by Plaintiff, who is proceeding *pro se*, on February 10, 2026. (Doc. No. 72). For the reasons that follow, the motion is denied without prejudice.

Rule 37 of the Federal Rules of Civil Procedure requires the party moving for an order compelling disclosure or discovery to certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." See Fed. R. Civ. P. 37(a)(1). Local Rule 37.1 similarly requires that the parties make a sincere, good faith effort to resolve discovery issues before involving the court. D.N.D. Civ. L.R. 37.1

On September 24, 2025, the court issued an order requiring the parties to take the following steps before to filing any discovery motions:

(1) The parties are required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to resolve all differences without court action or intervention.

(2) In the event that all parties have made reasonable, good faith efforts to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the magistrate judge in an effort to try to resolve the discovery dispute prior to filing any discovery motions. The magistrate judge may require the parties to submit brief

      position statements prior to the telephonic conference.

(3)    If the discovery dispute is not resolved during the telephonic conference with the magistrate judge, the magistrate judge may permit filing of discovery motions. In connection with the filing of any such motions, the moving party must fully comply with all requirements of Rule 37(a)(1) and Local Rule 37.1 and must submit the certifications required by those rules.

(4)    The court will not hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-described steps have been strictly followed. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

(Doc. No. 43).

Plaintiff asserts in his motion that Defendants have yet to respond to interrogatories that he serve upon them on or about December 29, 2025. However, he has not specified, identified, or attached the particular interrogatories at issue, leaving the court to guess at their form and substance. Further, he does not certify that he has in good faith conferred or attempted to confer with Defendants about his interrogatories. Finally, he has not requested a telephone conference with the court to discuss Defendant's answers or lack thereof to his interrogatories. Thus, it is clear that he did not comply with the court's September 24, 2025, order or the requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1 prior to filing his motion to compel.

Plaintiff's *pro se* status does not excuse this noncompliance with the Federal Rules of Civil Procedure, the Local Rules, or the court's order. See <u>Aery v. Nohre</u>, No. 22-CV-491 (PJS/TNL), 2022 WL 4136620, at *5 (D. Minn. Aug. 5, 2022) (denying a pro se plaintiff's motion to compel without prejudice on account of his failure to comply with the applicable rules of procedure); <u>see</u>, e.g., <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); <u>Bennett v. Dr. Pepper/Seven Up, Inc.</u>, 295 F.3d 805, 808 (8th Cir.

2

2002) (*pro se* status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Plaintiff's motion to compel (Doc. No. 72) is therefore procedurally improper and **DENIED** without prejudice.

    **IT IS SO ORDERED.**

    Dated this 11th day of February, 2026.

                                        */s/ Clare R. Hochhalter*
                                        Clare R. Hochhalter, Magistrate Judge
                                        United States District Court