**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Julian Pierce Williams, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Olthoff, et al., | ) | Case No. 1:25-cr-058 |
| | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's "Motion for Leave to Serve Additional Interrogatories and Requests for Admission." (Doc. No. 80). For the reasons that follow, the motion is denied without prejudice.

## I.    BACKGROUND

Following a scheduling conference with the parties on October 23, 2025, the court issued a scheduling and discovery order that, among other things, restricts each party to 25 interrogatories, 10 requests for admission, and 25 requests for production. (Id.).

On April 3, 2026, Plaintiff filed a "Motion for Leave to Serve Additional Interrogatories and Requests for Admission." (Doc. No. 80).   He seeks leave to serve additional "sets" of interrogatories and requests for admission on Defendants, asserting: (1) his need to serve additional interrogatories and requests for admission was precipitated by some of the discovery produced in response to his earlier requests; and (2) his additional requests pertain to policies and practices underlying the constitutional violations alleged in this case, the identities and roles of individuals involved in the events at issue, and key factual matters.

1

## II.    APPLICABLE RULES

Rule 33 of the Federal Rule of Civil Procedure presumptively limits the number of interrogatories a party may serve on any other party to twenty-five. Fed. R. Civ. P. 33(a)(1). However, it provides that additional interrogatories may be served by agreement of the parties or by order of the court. Id. Leave to serve additional interrogatories is governed by Rule 26(b)(2), which requires the court to limit the frequency or extent of discovery if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "In practical terms, the party seeking leave to ... serve more interrogatories than are contemplated by the Federal Rules or the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary." Archer Daniels Midland Co. v. Aon Risk Services, Inc. Of Minnesota, 187 F.R.D. 578, 586 (D. Minn.1999) (citations omitted).

Rule 36 of the Federal Rule of Civil Procedure places no numerical limit on the number of requests for admission party may serve. "However, Fed. R. Civ. P. Rule 26(b)(2) makes it clear that a trial court, in its discretion, may limit the number of such requests[.]" Francis v. Marks, No. 4:05CV01090 RSW/JTR, 2006 WL 8445238, at *2 (E.D. Ark. Apr. 18, 2006).

## III.    DISCUSSION

The court is not presently inclined to permit Plaintiff to serve Defendants with interrogatories and requests for production in excess of the numbers it previously authorized in the scheduling and discovery order. First, it is not clear whether Plaintiff has "used" all of his 25 interrogatories and

10 requests for admission.  Second, there is nothing in the record to reflect that the parties stipulated to the service of interrogatories and requests for admission beyond the number authorized in the scheduling and discovery order. Third, Plaintiff has not articulated how many additional interrogatories and requests for admission he is seeking. Fourth, Plaintiff has neither presented nor otherwise suggested the contents of his proposed interrogatories and requests. Fifth, Plaintiff has not a made particularized showing why the additional discovery is necessary. Plaintiff makes the rather generic assertion that he requires information regarding the  individuals involved in the events giving rise to this matter, underlying  policies and procedures, and key facts but fails to articulate exactly why he has not or cannot accomplish this under existing discovery parameters.

## IV.    CONCLUSION

Plaintiff's "Motion for Leave to Serve Additional Interrogatories and Requests for Admission"(Doc., No. 80)  is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhlater, Magistrate Judge
United States District Court