**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Julian Pierce Williams, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Olthoff, et al., | ) | |
| | ) | Case No. 1:25-cv-058 |
| Defendant. | ) | |

Plaintiff is proceeding *pro se*. He currently resides at the Bismarck Transition Center ("BTC"), in Bismarck, North Dakota. On May 12, 2026, he filed a "Motion for Injunctive Relief and Order Requiring Access to Legal Work." (Doc. No. 82). He claims that he has been denied meaningful court access due to his lack of computer access at BTC. Specifically, he asserts that: (1) BTC has failed to provide him with a computer or word processor, confidential space for legal drafting, and access to a law library, which has substantially impaired his ability to litigate his claims; (2) his access to public facilities such as the Bismarck Public Library "is limited, inconsistent, and not reasonably available for sustained legal work;" (3) the public facilities available lack privacy and a means of saving his work; and (4) he runs the risk of disclosing litigation strategy, confidential legal work, and sensitive information if he is required to continue to use public facilities. He requests an order from this court requiring BTC to provide him with regular and sufficient access to a laptop or equivalent device for the drafting, editing, and storing of legal work along with reasonable privacy in which to perform his legal work.

To state a claim for a denial of access to the courts warranting injunctive relief, Plaintiff must demonstrate actual prejudice to pending litigation. That is, there must be an actual injury,

1

and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996).

The court finds Plaintiff's claim regarding lack of court access specious. Despite Plaintiff's assertions, it is apparent from the record generally and Plaintiff's submissions specifically that Plaintiff has not been prevented from presenting his claims or otherwise suffered any actual injury such as an inability to file a claim, an inability to conduct research, or missing a deadline. Plaintiff's own submissions evince that Plaintiff is not confined at all times to BTC and has repeatedly been advised by BTC staff about the public resources available to him, i.e., the North Dakota State Library, the North Dakota Supreme Court Library (which houses a vast print collection and available electronic resources for its patrons[1]), and the Bismarck Public Library (which provides free public-use computers,[2] public access to the Internet,[3] and meeting and single occupant study rooms free of charge for public use[4]). (Doc. Nos. 82-3, and 82-4). Second, it is apparent that Plaintiff now has access to a computer or word processer as the instant motion, the motion for leave to serve additional discovery requests filed by Plaintiff on April 3, 2026, (Doc. No. 80), the motions to compel filed by Plaintiff on February 10 and 17, 2026, (Doc. Nos. 72 and 75), and the notice filed by Plaintiff on February 10, 2026, (Doc. No. 71), are all typed. Third, it is apparent that Plaintiff has the ability to access the Internet as he has attached to the instant

---

[1]https://www.ndcourts.gov/news/north-dakota/north-dakota-supreme-court/general-news/law-library-resources-available-to-attorneys-and-public>

[2] https://www.bismarcklibrary.org/2259/Information-Technology-Services

[3] https://www.bismarcklibrary.org/DocumentCenter/View/45715/Internet-Access-and-Computer-Use-Policy-PDF

[4] https://bismarcklib.librarycalendar.com/reserve-room

motion a printout of the internet access and computer use policy posted on the Bismarck Public Library's website. (Doc. No. 82-5).

In sum, Plaintiff's reliance on public resources may be less than ideal and at times result in some inconvenience. However, inconvenience is not an actual injury in this instance. The lack of a laptop at BTC for use by Plaintiff at his convenience does not satisfy the "actual injury" requirement necessary to sustain a claim for denial of meaningful court access warranting court action. As for Plaintiff's privacy concerns, the court makes three observations. First, his concerns are speculative. Second, it is not obvious that the ability to access a laptop or computer at BTC would ameliorate all of Plaintiff's privacy concerns. Third, all of Plaintiff's motions and briefs are a matter of public record upon filing.

Plaintiff's "Motion for Injunctive Relief and Order Requiring Access to Legal Work" (Doc. No. 82) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of May, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3